Edward J. Maney, Trustee
P. O. Box 10434
Phoenix, AZ 85064
Telephone (602) 277-3776
Fax No. (602) 277-4103
ejm@maney13trustee.com

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>KARL SCHMIDT<br>xxx-xx-3363<br>PATRICIA SCHMIDT<br>xxx-xx-0449<br><br><br>_____Debtor(s)_____ | CHAPTER 13 BANKRUPTCY<br><br>CASE NO. 2-09-bk-05763-JMM<br><br>TRUSTEE'S EVALUATION AND RECOMMENDATION(S) REPORT WITH NOTICE OF POTENTIAL DISMISSAL IF CONDITIONS ARE NOT SATISFIED<br><br>RE: CHAPTER 13 AMENDED PLAN |

Edward J. Maney, Trustee, has analyzed the Debtor's Chapter 13 Amended Plan and supporting documents and submits the following evaluation and recommendation(s):

GENERAL REQUIREMENTS:

a. Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee.

b <u>Requests by the Trustee for documents and information are not superseded by the filing of an amended Plan or motion for moratorium.</u>

c. The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an Amended or Modified Plan is filed and noticed out.

d The Trustee requires that any proposed Order Confirming Plan state, "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

e. The Trustee requires that any proposed Order Confirming Plan state: "Debtor is instructed to remit all payments on or before the stated due date each month. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the Case can be discharged. This requirement is effective regardless of Plan payments, suspensions, waivers or moratoriums, and must be included in any Plan Confirmation Orders".

Trustee's Recommendation
Case #09-05763
Page 2. . . . . . .

f.  The Debtor(s) is required to provide directly to the Trustee, **within 30 days after the returns are filed,** copies of the federal and state income tax returns for every year during the duration of the Plan. This requirement is to be included in the Stipulated Order Confirming the Plan.

g.  At the time of confirmation, the Trustee will require the Debtor(s) to certify that Debtor(s) are current on all required tax filings and any domestic support orders.

h.  If Debtor(s) Plan proposes to discharge taxes not paid by the Plan, the Trustee objects to this provision. The proper procedure to determine dischargeability is through an adversary proceeding, pursuant to F.R.B.P. Rule 7001. Any proposed Order Confirming the Plan submitted by the Debtor(s) **must** specifically amend or remove this language to comply with the Bankruptcy Code and Rules.

RECOMMENDATION REQUIREMENTS:

1.  Interim Plan payments are current with payment of $1,447.95 due 6/25/09.

2.  The Trustee requires copies of all monthly bank and/or credit union statements for all checking and/or savings accounts Debtors maintained on petition date.

3.  Debtor/husband is not currently employed. The Trustee requires language in the Stipulated Order that requires the Debtors to file an amended Schedule I and J, provide two current pay stubs for each employer, bring monthly operating reports current, and increase Plan payments turning over all disposable income should Debtor/wife become employed during the first 36 months of the Plan.

4.  Debtors disposable income is significantly less than the Plan payments. The Trustee requires an amended Schedule I and J, along with two current consecutive pay stubs from each employer, to verify Debtors' ability to fund the plan payments.

    The Trustee requires the Debtor(s) to provide documentation to verify their social security/pension/trust/IPERS income.

5.  Debtor(s) have received significant tax refunds for 2008 which if allowed to continue constitutes a diversion of disposable income. The Trustee requires Debtor to adjust payroll tax deductions to prevent over- or under-withholding, amend Schedule I increasing Plan payments accordingly, and provide two consecutive pay stubs to verify this has been corrected, or turn over tax refunds for 2008, 2009 and 2010 as supplemental Plan payments.

6.  The Trustee requires a copy of the Knowles Trust, list of all assets in the trust along with te value of each item.

7. The Plan proposes payments to secured creditors GE Money and GE Money (car) who has filed no secured proofs of claim. The Trustee requires that the Debtor(s) provide verification of the creditors' security interest by providing him with a copy of the security documents, such as a security agreement, UCC-1, title, Deed of Trust or the like. Moreover, the Trustee requires that the Order Confirming Plan provides as follows: "The Trustee has authority to pay on the secured debts owed to GE Money and GE Money (car) even though the creditors have filed no secured proofs of claim, but the Plan and this Order are not an informal proof of claim for any creditor". If the security interest cannot be verified by the Debtor(s), then the Debtor(s) may delete the proposed treatment in a proposed order confirming Plan **after** filing a motion and providing 25 days notice to the creditor of the intent to delete the proposed secured treatment from the Plan.

8. The proof of claim filed by the Internal Revenue Service differs from the creditors' treatment under the Plan or is not provided for by the Plan. This discrepancy must be resolved before confirmation of the Plan. The Trustee requires: (a) the Debtor(s) file an objection to the claim (if the debt is believed to be unsecured); (b) the holder of the claim endorse the order confirming the Plan; (c) the order confirming the Plan to provide for payment of the claim pursuant to the claim; or (d) an amended Plan be filed to provide for payment on the claim. The Trustee will require debtor(s) provide written notification as to whether the discrepancy has been resolved by July 1, 2009. If resolution of the claim changes Plan funding requirements, the Trustee requires the receipt of an amended Plan analysis (Local Form 13-2) with any proposed Order confirming the Plan. If objections to the proofs of claim are timely filed by the Debtor(s), then the time to submit a proposed Order confirming the Plan to the Trustee is extended by 15 days after completion of the objections.

9. Debtor/wife did not provide the paystubs for the 60 days prior to filing this case. The Trustee requires documentation to verify the all income received for both Debtors from September, 2008 though February, 2009.

    Debtor/husband had trust income and IPERS income for the above period. The Trustee requires Debtors to provide justification and clarification as to why these funds are not included in the 22C.

    If appropriate information can not be provided, the Trustee requires the 22C to be amended, filed and copy provided to the Trustee.

    If the Debtor(s) have any questions or concerns regarding this Recommendation, they should contact their attorney. If Debtor(s) are not represented by counsel, they may contact the Case Administrator at extension 210.

    The Trustee objects to the confirmation of this Plan under present condition(s). **You are hereby advised that the Trustee may lodge an Order of Dismissal should Debtor fail to**

**remain current in Plan payments, resolve above item(s) #2 through 9 and submit Stipulated Order Confirming to the Trustee for review and signature or request a hearing within 30 days from the date of this Trustee's Recommendation. The Trustee reserves the right to file a Supplemental Recommendation.**

Date See Electronic Signature Block

Edward J. Maney, Trustee

Copies of the foregoing
mailed on this date See Electronic
Signature Block to:

Joseph Charles
P. O. Box 1737
Glendale, AZ   85311

Karl and Patricia Schmidt
8622 N. 59th Ave., #2138
Glendale, AZ   85302